**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TYRON ALAN MCGARRAH,** | | |
| **ID # 126087674,** | **)** | |
| **Plaintiff,** | **)** | |
| **vs.** | **)** | **No. 3:14-CV-0923-L-BH** |
| | **)** | |
| **DALE HANNAH, et al.,** | **)** | |
| **Defendants.** | **)** | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I. BACKGROUND

Tyron Alan McGarrah (Plaintiff) brings this action under 42 U.S.C. § 1983 against the District Attorney of Johnson County (DA), two state district judges and a Justice of the Peace in Johnson County (Judges), and his criminal defense attorney. (Compl. at 3). He complains that the DA did not provide him an examining trial after one of the Judges granted him one, and that the Judges and his attorney did not ensure that he received an examining trial. (Compl. at 3, 6). He seeks injunctive relief and monetary damages. *Id*. at 4.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate at the Johnson County jail. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the

complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**III. SECTION 1983**

Plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff seeks relief under § 1983 because he was not provided an examining trial before he was indicted. The right to an examining trial arises under Texas state law, not federal constitutional or statutory law, and Texas courts have held that the return of an indictment terminates the right to an examining trial. *Gaines v. Dallas County*, 193 F.3d 519, *1 (5th Cir. Aug. 26, 1999), *citing*

*Rogers v. Texas*, 486 S.W.2d 786, 787 (Tex. Crim. App. 1972); *Knight v. State of Texas*, 51 F.3d 1041, *3 (5th Cir. March 20, 1995). Accordingly, there is no federal constitutional or statutory right to an examining trial prior to indictment. *State of Texas v. Reimer*, 678 F.2d 1232, 1233 (5th Cir. 1982); *Williams v. Williams*, 2012 WL 3704277, *3 (N.D. Tex. July 27, 2012). Plaintiff has failed to state a claim for relief, and his complaint should be dismissed.[1]

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 19th day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

[1] Even if Plaintiff had stated a claim, he would not be entitled to any relief against any of the defendants. The Judges have absolutely immunity from suit for any judicial act, even one made in bad faith or based on malice, and the DA has absolute immunity from suit for any decision to initiate and pursue criminal prosecutions. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff's criminal defense attorney is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). His suit would still be subject to dismissal for these reasons.

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE